IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:  3:14cr104/RV/HTC
                                                   3:17cv672/RV/HTC

DARIUS D. WILLIAMS

---

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Darius D. Williams' *pro se* Petition Under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody (ECF Doc. 67).   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

After careful consideration of the petition, the record, the relevant law, and the Government's response (ECF Doc. 74), the undersigned recommends the motion be DENIED without an evidentiary hearing.   *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.   With the exception of Williams' ineffective assistance of counsel claim, all other claims and arguments Williams raises in the instant petition were previously addressed (and rejected) by the Eleventh Circuit on

direct appeal.    Additionally, Williams' claim of ineffective assistance of counsel is without legal or factual support.

# I.  BACKGROUND AND PROCEDURAL HISTORY

On December 16, 2014, a grand jury charged Williams in a two-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One") and possession of a stolen firearm and ammunition in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) ("Count Two").    ECF Doc. 12.    The following State of Florida felony convictions formed the basis for Count One:    (1) possession of a firearm by a convicted delinquent; (2) possession of a controlled substance without a prescription and possession of cocaine; and (3) aggravated assault.    *Id.*

On February 4, 2015, Williams pled guilty to both offenses.    ECF Doc. 28. The facts relating to the offense are essentially undisputed and come from the factual basis for guilty plea (ECF Doc. 29).    *See* ECF Doc. 74-1 at 17, Williams' Initial Appellate Brief ("Mr. Williams and the Government largely are in agreement regarding the facts in this case but differ regarding the interpretation and/or application of those facts.").

## A. The Offense

During the early morning hours of September 28, 2014, an individual was shot in the head in the back parking lot of a Pensacola bar.    Although the victim was left

to die, the victim survived the shooting.    A law enforcement officer who was in the vicinity observed, and subsequently pursued, a vehicle that left the scene of the shooting at a high rate of speed.    The officer did not see the vehicle or Williams at the scene; he only saw that the vehicle left the area of the shooting.    The vehicle stopped in a nearby shopping center parking lot, and the officer, who was still in pursuit, saw Williams jump from the back seat of the car with a firearm in his hand. The officer chased Williams on foot.

During the pursuit, Williams fled toward the rear of a Subway sandwich shop. The shop had a surveillance camera which captured Williams throwing down the firearm.    The officer caught up to Williams and placed him in custody.    The firearm, a Smith and Wesson .40 caliber handgun, was recovered in the approximate area where Williams had thrown it.

Upon recovery, the firearm was examined and found to be jammed with a "stovepiped" casing stuck in the ejection port, meaning that it had been fired and the cartridge did not properly eject.    Additional rounds were also found in the magazine of the gun, with the exception of the one projectile that had apparently been fired but whose casing was not ejected correctly.    Investigators later found that the gun had been reported stolen in October of 2013 during a residential burglary.

Williams' hands and his clothing tested positive for gunshot residue, and Williams' DNA was found on the firearm.   Law enforcement, however, never located the vehicle or identified any other occupants of the vehicle.

Prior to the indictment, the State of Florida also charged Williams with possession of a firearm by a convicted felon, resisting arrest without violence, and attempted first degree premediated murder of the victim in the parking lot. Williams pled not guilty to those charges, and as will be discussed below, those charges were subsequently dismissed.

## B. Williams' Sentence

According to Williams' Presentence Investigation Report ("PSR") (ECF Doc. 32, also found at 33 and 38), Williams' base offense level was 20 pursuant to U.S.S.G. § 2K2.1 because of a prior felony conviction for either a crime of violence or a controlled substance offense.[1]   Williams' adjusted offense level, however, was 26, after adding two points under § 2K2.1(b)(4)(A) because the firearm was stolen and an additional four points § 2K2.1(b)(6)(B) because the firearm/ammunition was possessed in connection with another felony offense.   ECF Doc. 38, PSR ¶¶ 26, 27.

---

[1] The PSR references paragraph 48, which is a conviction for "possession of firearm by a convicted delinquent under 24 years of age."   That offense allegedly involved Williams waving the gun around and holding it to someone's head.   Williams' criminal history also included convictions for possession of cocaine and possession of a controlled substance without a prescription (¶ 49) and aggravated assault (PSR ¶ 53).

Case Nos.: 3:14cr104/RV/HTC; 3:17cv672/RV/HTC

Rather than using a base offense level of 26, however, the presentence report applied the cross reference provision of § 2K2.1(c)(1) to § 2A2.1 based on Williams' use of the firearm in connection with the commission of an attempted first degree murder.   *Id.* at ¶s 32-34.   The cross reference provision of § 2K2.1(c)(1) provides that if the defendant committed or attempted to commit a crime while unlawfully possessing a firearm, the district court is to apply § 2X1.1, the guideline for attempt, to calculate the defendant's offense level, "if the resulting offense level is greater than" the offense level calculated under § 2K2.1.   U.S.S.G. § 2K2.1(c)(1)(A); *see United States v. Adams*, 518 F. App'x 765, 769 (11th Cir. 2013).

The guideline for attempt directs the district court to apply "the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty."   *See id.;* U.S.S.G. § 2X1.1(a).   The substantive offense sought by the Government and discussed in the PSR was for first degree attempted murder, which would have increased Williams' base offense level to 33.    ECF Doc. 38, PSR ¶ 33. However, while determining that use of the cross reference was appropriate, the District Court found that the Government did not meet its burden of establishing by a preponderance of the evidence the premeditation element required for a first degree murder charge.    Instead, the District Court applied the cross reference provision for

a substantive offense of second degree attempted murder (which does not require premeditation), resulting in a base offense level of 27.

The District Court also added four points pursuant to § 2A2.1(b)(1)(A) because the injury sustained by the victim was life threatening and subtracted three points under § 3E1.1(b) for acceptance of responsibility, giving Williams an adjusted offense level of 28.    At that offense level, the guidelines range for Williams, with a criminal history category of VI and 13 criminal history points, was 140 to 175 months.    As the District Court noted, the base offense level (and thus, the adjusted offense level) calculated by the District Court with the cross reference for second degree murder was only one point higher than it would have been had no cross reference been applied.    ECF Doc. 56 at 24-26.

Had the District Court applied the substantive offense of attempted first degree murder to the cross reference as suggested by the PSR and sought by the Government, the base offense level would have been 33, and the adjusted offense level 34, after adding 4 points because the victim sustained a permanent or life-threatening injury and subtracting 3 points for acceptance of responsibility.   ECF Doc. 38, PSR ¶s 35-40.   The guidelines range at that offense level would have been 262 to 327 months, reduced to 240 months because the statutory maximum term for each of the two counts was ten (10) years.   PSR ¶s 85-86.

On April 14, 2013, the District Court sentenced Williams to a term of 175 months (90 months for Count One and 85 months for Count Two), followed by three (3) years of supervised release.    ECF Doc. 56 at 33.    This sentence was less than the statutory maximum term and at the upper end of the guidelines range.

## C. Williams' Direct Appeal

On July 10, 2015, Williams appealed his judgment of conviction to the Eleventh Circuit.    ECF Doc. 42.    The issues on appeal were:

• Whether the evidence was sufficient to support the district court's application of the cross reference and use of relevant conduct when sentencing Williams;

• Whether the court erred when it accepted proof by a standard of preponderance of the evidence for imposition of the cross reference when the legal standard should have been proof beyond a reasonable doubt;

• Whether the court erred when accepting recommendations in the PSR based on facts that were insufficient and below required standards of proof; and

• Whether the application of relevant conduct enhancements was based on insufficient evidence, was contrary to the government's representations or was based on an improper standard of proof.

Williams' Initial Appellate Brief, 2016 WL 1375927, *2 (March 7, 2016); ECF Doc. 74-1 at 13-14.[2]

---

[2] Although the above four bullet points are identified under the "Statement of the Issues" in Williams' initial brief, Williams also stated in the brief that "[i]n this appeal, Mr. Williams argues as follows:

1. The application of a 4 level enhancement under USSG § 2K2.1(b)(6)(B) [use of firearm/ammunition in connection with another felony offense] was improper because the

The Eleventh Circuit affirmed Williams' sentence.  *United States v. Williams*, 661 F. App'x 616 (11ᵗʰ Cir. 2016); ECF Doc. 63.    In so doing, the Court distilled Williams' ten (10) issues and sub-issues into two arguments: (1) whether the District Court applied the wrong burden of proof and (2) whether there was sufficient evidence to support the application of the cross reference.  *See Williams*, 661 F. App'x at 617.

With regard to the proper burden of proof, the Eleventh Circuit stated that "the government bears the burden of proving the applicability of sentencing enhancements by a preponderance of the evidence."  *Id.* at 618 (citing *United States*

---

Government did not and could not establish by a "reasonable certainty" [defined, USSG § 2X1.1] that (a) Mr. Williams used the firearm at all and/or (b) that the "stovepiped" firearm possessed by Mr. Williams was the firearm used to wound the victim.

2. The application of the USSG cross reference resulting in a Base Offense Level of 33 was improper because the Government did not and could not establish by a "reasonable certainty" that Mr. Williams "intended offense conduct," if any, "would have constituted first degree murder." See, USSG § 2A2.1(a)(1), DE. 38 at ¶¶ 33, 34 (SEALED DOCUMENTs).

3. The application of an enhancement of 4 levels of Specific Offense Characteristics under § 2A2.1(b)(1)(A) was improper because the Government did not and could not establish by a "reasonable certainty" that Mr. Williams was the cause of the victim's "permanent or life threatening bodily injury." DE. 38 at ¶ 35 (SEALED DOCUMENTs).

4. The PreSentence Investigative Report is flawed as it was based on and reflects false, misleading, incomplete and speculative "facts" and innuendo provided by the Government.

5. The Court committed error when it sentenced Mr. Williams because the Court based the sentence on, and the sentence reflects, false, misleading, incomplete, unproved and speculative "facts" and innuendo.

6. The additional numerous sub-issues raised in this appeal reflect that Mr. Williams' sentencing was a most confusing and error-filled sentencing proceeding for all involved, including the District Court. Oral argument will assist this Court in a full understanding of the facts relating to sentencing in the case that are essential to a fair and just determination by the Court."

2016 WL 1375927, *ii-iii, ECF Doc. 74-1 at 4-5.

Case Nos.: 3:14cr104/RV/HTC; 3:17cv672/RV/HTC

*v. Washington*, 714 F. 3d 1358, 1361 (11th Cir. 2013)).   The Court further explained that this burden is satisfied if the trier of fact "believes that the existence of a fact is more probable than its nonexistence." *Id.* (citing *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012)).   Although the Eleventh Circuit found no error in the standard of proof used by the District Court, the court also noted that if there had been any error, it was invited error as "Williams encouraged the court to employ the preponderance of the evidence standard." *Id.*

With regard to the sufficiency of the evidence, the Eleventh Circuit stated that "the evidence supports a finding that [Williams] perpetrated the shooting by a preponderance of the evidence." *Id.*   Specifically, the Court pointed to the following evidence:   (1) Williams was apprehended fleeing from a car that had left the site of the shooting at a high rate of speed; (2) Williams was apprehended after discarding a gun while being chased on foot by a police officer; (3) traces of DNA obtained from the gun matched Williams' DNA; and (4) gunshot reside was found on Williams' hands and clothes. *Id.*   None of these facts are disputed by Williams.

## II.    WILLIAMS' PETITION

Williams' petition purports to identify thirteen (13) independent claims for relief.   ECF Doc. 67.   These claims, however, are repetitive and overlap one another.   Additionally, as stated above, with the exception of one claim for

ineffective assistance of counsel, all of Williams' arguments were raised (and rejected) in his direct appeal. Thus, these claims are procedurally barred. Williams' ineffective assistance of counsel claim is without merit as it is both legally and factually flawed.

### A. Claims Raised On Direct Appeal

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *See e.g., Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *United v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States*, 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th

Cir. 2011).    An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."    *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).

The body of William's petition sets out four (4) grounds for relief, framed in terms of a due process violation.    ECF Doc. 67 at 4-6.    These grounds are *identical* to the four (4) "Statement of Issues" contained in Williams' initial appellate brief on direct appeal, listed above.    *Id.*; ECF Doc. 74-1 at 13-15.    Indeed, Williams acknowledges in the petition that each of these grounds were raised on direct appeal.    ECF Doc. 67 at 4-6.    Thus, those claims are procedurally barred.

Additionally, the grounds set forth in paragraphs 1, 4, and 9 of pages 10-11 of Williams' petition are also barred.    Those paragraphs state as follows:

(1) It was a violation of Mr. William's constitutional rights to due process and a fair trial where the sentencing court allowed the Government a burden of proof of 'preponderance of evidence' rather than a burden of 'reasonable doubt' that resulted in an extreme enhanced sentence;

(4) It was fundamental error that Mr. Williams was sentenced based on both incomplete and erroneous factual information relied upon by the District Court;

(9) It was constitutional and fundamental error that the District Court did not apply the correct standard of proof.    Although 'unusual' sentencing proceedings were conducted under a standard of 'preponderance of the evidence,' where unproved criminal activity, as in this case, was presented for fact representing the truth of the matter(s), the standard of proof must shift to that of 'proof beyond a reasonable doubt.'

ECF Doc. 67 at 10-11.

Although Williams may be trying to assert these arguments as independent grounds for relief, they are not.    Instead, they merely re-argue the same core complaint Williams raised in his direct appeal, namely, (1) that the District Court applied the wrong standard of proof at sentencing and (2) that there was not substantial evidence to support application of the cross reference to a substantive offense of second degree murder.    As stated above, these arguments were addressed and rejected by the Eleventh Circuit.    Thus, Williams cannot relitigate them here.

Similarly, the arguments contained in paragraphs 5, 6, 7, and 8 of page 11 of Williams' petition are also a verbatim recitation of the arguments he raised in his direct appeal, at pages 4 and 5.    *See supra,* n. 2.    Thus, those claims are also procedurally barred.

Williams' attempt to reframe these arguments as ones of due process violations or fundamental errors does not save them from being procedurally barred. Moreover, "a federal defendant's due process rights are … satisfied by the preponderance of the evidence standard."    *United States v. Jackson*, 57 F. 3d 1012, 1019 (11th Cir. 1995) (quoting *United States v. Terzado Madruga*, 897 F. 2d 1099, 1125 (11th Cir. 1990)).    Simply, Williams may not relitigate these claims in this postconviction proceeding and obtain a second bite at the proverbial apple.    These claims are procedurally barred absent a showing of cause and prejudice (which Williams cannot do, as discussed further below).    *Lynn*, 365 F. 3d at 1234-35;

*Bousley*, 523 U.S. at 621, 622.    Because the undersigned finds that these grounds for relief are procedurally barred, the undersigned does not find it necessary to address the merits of the claims, particularly given the analysis provided by the Eleventh Circuit on these claims.

Additionally, Williams' disagreement with the District Court's application of the 4-level enhancement for the use of a firearm in connection with another felony offense and the 4-level enhancement for the victim suffering a permanent or life-threatening injury, as set forth in paragraphs 5 and 7 on page 11 of his petition, does not warrant relief.    A miscalculation of the guidelines range alone does not constitute fundamental error or a complete miscarriage of justice.    *See Spencer v. United States*, 773 F. 3d 1132, 1140 (11th Cir. 2014).    The guidelines are advisory and, as such, an error does not raise constitutional concerns unless a defendant "is either actually innocent of his crime [of conviction] … or a prior conviction used to enhance his sentence has been vacated."    *See id*.    Moreover, the sentence here was within the guidelines range and did not exceed the statutory maximum.

Williams does not allege that he is actually innocent, nor could he, since he pled guilty and agreed to the factual basis supporting guilty plea.    Williams also does not allege that a prior conviction used to enhance his sentence was vacated. Not only does he not make such an allegation, but he could not do so here where the enhancement at issue was based on the District Court's determination (affirmed by

the Eleventh Circuit) that the Government showed by a preponderance of the evidence that the victim, who was shot in the head, sustained permanent or life-threatening injuries.   And, the other enhancement at issue (use of a firearm in a felony), while recommended in the PSR, was not actually applied by the District Court.

Furthermore, regardless of the application of any enhancements, the District Court independently found based on the sentencing factors set out in 18 U.S.C. § 3553(a), that a sentence of 175 months was reasonable under the circumstances of this case.   ECF Doc. 56 at 35-36.   Specifically, the District Court determined that the sentence "is appropriate as this was not the defendant's first offense involving a firearm."   ECF Doc. 46 at 4.   Additionally, the District Court determined that the sentence would be the same regardless of how the guidelines turned out.   *Id.*; ECF Doc. 56 at 36.   Thus, Williams' challenges to the enhancements are not only procedurally barred, but they are also without merit.

## B. Cause And Prejudice

Absent a showing that a ground of error was unavailable on direct appeal, a district court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations

omitted).    In other words, a defendant can avoid a procedural bar by establishing either (1) cause and prejudice or (2) actual innocence.    *See McKay v. United States,* 657 F.3d 1190, 1196 (11th Cir. 2011).    Williams has shown neither cause and prejudice nor actual innocence.

To establish cause, Williams must show that "some objective factor external to the defense impeded counsel's efforts to raise the claim previously."    *Lynn*, 365 F.3d at 1234, n. 20.    To establish prejudice, Williams "must show that there is at least a reasonable probability that the result of the proceeding would have been different."    *Henderson v. Campbell,* 535 F.3d 880, 892 (11th Cir. 2003). Williams cannot show either cause or prejudice here as to any of the claims discussed in Section A, above, because those claims *were* raised by his appellate counsel. Alternatively, Williams must show that he is "actually innocent."

Williams' guilty plea and agreement to the factual basis created a powerful presumption of guilt, and he has offered no new evidence to rebut it.    Moreover, to the extent Williams seeks to apply the actual innocence exception to the application of the cross reference, he also cannot do so because nowhere in his submissions does Williams contend that he was not the shooter.

Instead, what he argues here (and argued in his direct appeal) is that the District Court should have considered what the Government did not show, rather than what it showed.    He argues that the Government's evidence was not sufficient

to establish beyond a reasonable doubt that he attempted to commit second degree murder.    Those arguments were rejected by the Eleventh Circuit and are not sufficient to show actual innocence.    At best, Williams' argument is one of legal innocence, not of factual innocence, as is necessary to overcome a procedural bar. *See McKay*, 657 F.3d at 1198-99 (a defendant must "show that he is factually innocent of the conduct or underlying crime that serves as the predicate for the enhance sentence"); *Lynn,* 365 F.3d at 1235, n 18 ("actual innocence means factual innocence, not mere legal insufficiency").

### C. Williams' Claim That His Sentence Is Fundamentally Unfair Because the State's Murder Charge Against Him Was Dismissed

As stated above, before Williams was indicted on the instant federal offenses, the State of Florida charged Williams with certain offenses related to the same shooting, including first degree murder.    After Williams was sentenced by the District Court, Williams proceeded to trial on the State charge.    However, according to Williams, none of the State's witnesses was able to identify Williams as the shooter.    ECF Doc. 74-2 at 4.    Thus, the State Court granted Williams' motion for judgment of acquittal and dismissed the murder charge.    *Id.*

In paragraph 3 of Williams' petition at page 10, Williams argues his sentencing was "fundamentally unfair" because the State of Florida's murder charge against him was dismissed.    ECF Doc. 67 at 10.    Thus, Williams seeks to be resentenced in light of this "new evidence."    *Id.*    As an initial matter, this claim is

also procedurally barred because it could have been, but was not, raised on direct appeal. *See Lynn*, 365 F.3d at 1234 ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.").

Additionally, although this claim was not raised on direct appeal, Williams' attorney filed a motion with the Eleventh Circuit seeking to supplement the record, for a remand and, if appropriate, resentencing based on the dismissal of the State's murder charge. *See* ECF Doc. 74-2. The Eleventh Circuit summarily denied the motion. ECF Doc. 74-3. This Court cannot reconsider that ruling here.

Moreover, Williams' argument is legally flawed. Even conduct of which a defendant was acquitted may be considered at sentencing if it is proven by a preponderance of the evidence. *See United States v. George*, 872 F. 3d 1197, 1205 (11th Cir. 2017) (holding that defendant's "acquittal at trial on the firearm-possession count does not negate the application of a sentencing enhancement based on identical evidence because at sentencing, the Government need only prove the applicability of the enhancement by a preponderance of the evidence rather than beyond a reasonable doubt"); *United States v. Manduley*, 585 F. App'x 1001, 1005 (2014) (per curiam) (affirming a district court's consideration, for purposes of applying a cross-reference at sentencing, conduct underlying a murder charge of

which defendant was acquitted when such conduct was proven by a preponderance of the evidence); *United States v. Faust*, 456 F. 3d 1342, 1347 (11th Cir. 2006) (finding no error in district court's consideration of relevant acquitted conduct for sentencing); *United States v. Robinson*, 402 F. App'x 434, 435 (11th Cir. 2010) (holding that conduct forming the basis for dismissed charges may be considered at sentencing if proven by a preponderance of the evidence).

Accordingly, regardless of the outcome of the State Court case, because the District Court (and the Eleventh Circuit) determined that the Government had met its burden of proving by a preponderance of the evidence that Williams had committed attempted second degree murder (i.e., he was the shooter), Williams is not entitled to relief on this claim.

### D. Williams' Ineffective Assistance Of Counsel Claim

As stated above, the only argument raised by Williams that is not procedurally barred is contained in paragraph 2 at page 10 of his petition.    In that paragraph, Williams claims his rights were violated because his attorney provided constitutionally ineffective assistance of counsel for failing to "sufficiently . . . research, raise and argue favorable case law and expert commentary regarding the burden of proof" that should be used at sentencing.    ECF Doc. 67 at 10.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could

have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). Thus, as an initial matter, this claim not procedurally barred and is properly before the Court for consideration.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the

*Strickland* test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012).

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.    A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."    *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).    Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001).

While this claim is not procedurally barred, it is without merit.    Williams cannot show either deficient performance or prejudice as required by *Strickland*. As noted above, the Eleventh Circuit reiterated in its opinion affirming Williams' judgment that the law in this circuit, since the Supreme Court's decision in *United States v. Booker*, 534 U.S. 220 (2005), "is that the government bears the burden of proving the applicability of sentencing enhancements by a preponderance of the evidence."    *Williams*, 661 F. App'x at 618, *citing Washington*, 714 F.3d at 1361. Thus, Williams' trial counsel could not have been deficient for failing to seek the application of a different standard, as such an argument would have been meritless.

*See Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008) (counsel is not constitutionally deficient for failing to preserve or argue a meritless claim)).    In any event, Williams' appellate counsel vigorously advocated for the application of a different standard of proof, and that argument was soundly rejected by the Eleventh Circuit.

Williams has not pointed to any legal authority counsel could or should have cited that would have changed the outcome of the proceedings.    The law regarding the burden of proof applicable at sentencing remains unchanged, even after Williams' sentencing.    *See, e.g., United States v. Shabazz*, 887 F. 3d 1204, 1222 (11th Cir. 2018) (noting that Government bears the burden of proving enhancements by a preponderance of the evidence) (quotation omitted); *United States v. George*, 872 F. 3d 1197, 1204-1205 (11th Cir. 2017) (same).

Accordingly, Williams is not entitled to relief on this ground.

## III.   CONCLUSION

An evidentiary hearing is not necessary to resolve Williams' claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).    All but one of Williams' claims are procedurally barred as they were, or could have been, raised on appeal, and his ineffective assistance of counsel

claim is without merit.    Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied in its entirety.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.    Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.    § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).    Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."    If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.   The Petition under 28 U.S.C. § 2255 for Writ of Habeas Corpus (ECF

Doc. 67) be DENIED.

2.   A certificate of appealability be DENIED.

At Pensacola, Florida, this 31st day of January, 2020.

*/s/ Hope Thai Cannon*
_____
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.